

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHARLES BROWN AND
TRUDY BROWN                                                    **PLAINTIFFS**

VS.                                            CAUSE NO.: 3:17cv551 TSL-LRA

THE UNITED STATES OF AMERICA
AND JOHN DOES I - V                                           **DEFENDANTS**

---

## COMPLAINT

---

<u>JURY TRIAL DEMANDED</u>

**NOW INTO COURT** come the Plaintiffs, Charles Brown and Trudy Brown, and file

this Complaint against the Defendant, The United States of America and John Does I - V, and in

support hereof, would show unto the Court the following, to wit:

### A. **PARTIES**

1.      Plaintiffs, Charles Brown and Trudy Brown, are adult resident citizen of the state

of Mississippi.

2.      The Defendant, the United States of America, administers the Department of

Defense and the Department of Veteran's Affairs. At all times, the United States of America

owned, operated, managed, employed employees of, directed operations of, and/or is statutorily

and at common law responsible for the wrongful and negligent acts which occurred at and

through the Keesler Medical Center in Biloxi, Mississippi. The Defendant may be served with

process pursuant to Fed.R.Civ.P. 4(I) by:

1

a. delivering a copy of the Summons and Complaint to Harold Brittain, acting U.S. Attorney for the Southern District of Mississippi, at his address of 501 East Court Street, Suite 4.430, Jackson, Mississippi 39201; and/or

b. mailing a copy of the Summons and Complaint by registered or certified mail to the Honorable Jefferson Beauregard Sessions, III, Attorney General of the United States, at his address of U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001; and/or

c. mailing a copy of the Summons and Complaint by registered or certified mail to the Honorable James Mattis, Secretary, U. S. Department of Defense, 1000 Defense Pentagon, Washington, D.C., 20301-1000.

3. Defendants John Does I - V are individuals or entities as yet unidentified to Plaintiffs, including, but not limited to, other individuals who provided negligent medical care and/or treatment to Charles Brown, or entities of which such negligent healthcare providers were members; and/or other individuals or entities who were in association with, in business with, partners of, or members of, the defendants named herein or other John Doe Defendants who, at material times, supervised, controlled, or directed the work of any healthcare provider who provided medical care or treatment to Charles Brown, so as to incur liability pursuant to law and/or MISS. CODE ANN. § 79-29-920 or other statutory or common law impositions of vicarious liability. Such defendants may be identified and named when their identity becomes known to Plaintiffs.

## B. JURISDICTION AND VENUE

4.      This matter is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671

*et. seq.*   This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1346(b).

5.      Venue is proper in this Court because the negligence giving rise to this claim

occurred in this district and in this division.

## C. COMPLIANCE WITH STATUTES

6.      Proper written notice of intention to file this action and notice of claim has been

provided to the Defendants, via certified mail return receipt requested and regular U.S. Mail,

pursuant to MISS. CODE ANN. § 15-1-36(15) and 28 U.S.C. § 1346(b) and/or 42 U.S.C. §233

(Federal Tort Claims Act), and the Plaintiffs have exhausted all of their administrative remedies

as evidence by the Notice of Claim attached hereto as Exhibit "A".

7.      Attached to this Complaint as Exhibit "B" is a Certificate of Compliance and

Expert Consultation pursuant to the requirements of MISS. CODE ANN. § 11-1-58(1)(a).

## D. FACTS WHICH GIVE RISE TO CAUSE OF ACTION

8.      In October, 2015, Plaintiff Charles Brown underwent a cholecystectomy. In May

2016, he was found to have a peritoneal abscess requiring drainage.

9.      On May 9, 2016, Matthew F. Barchie, M.D., performed an ultrasound and CT

guided drainage at Keesler Medical Center. During the procedure, Dr. Barchie impacted and

pierced Mr. Brown's hepatic diaphragm and pericardium.

10.     As a result, Mr. Brown became hypotensive and was taken to surgery. An

exploratory median sternotomy was performed, and revealed a 300ml to 400ml

hemopericardium, with a large clot surrounding the heart. As noted on the operative report, an

active hemopericardium with tamponade occurred during the CT guided drain placement, and the drain tract was identified with a palpable and visible defect in the hepatic diaphragm and through the pericardium.

11. Mr. Brown remained hospitalized at Keesler Medical Center through May 19, 2016. On May 19, 2016, Mr. Brown was improperly transferred in a private vehicle from Keesler Medical Center to Gulfport Memorial Hospital.

12. At Gulfport Memorial Hospital, Mr. Brown required further medical treatment as a result of injuries sustained during the initial procedure performed by Dr. Barchie, including having fluid drawn off of his lungs, and treatment for a collapsed lung. Commencing on or about May 27, 2016, Mr. Brown required speech, occupational, and physical therapy at Gulfport Memorial Hospital.

13. On or about June 6, 2016, Mr. Brown was transferred to Green Briar Rehabilitation Center in d'Iberville, Mississippi, where he continued to received treatment and therapy. Since the piercing of his diaphragm and pericardium, he has continued to suffer adverse health consequences, including development of blood clots in his legs and lungs, and has continued to require medical treatment.

14. The injury to Mr. Brown - specifically, the piercing of his diaphragm and pericardium and related injuries and damages - was caused by the medical negligence of Dr. Barchie and/or one or more other healthcare providers who provided care and treatment to Mr. Brown at Keesler Medical Center. Specifically, Mr. Brown's pierced diaphragm, pierced pericardium, hemopericardium, tamponade, resulting deterioration and related medical difficulties requiring medical treatment and continued hospitalization, were the result of medical

4

care and treatment provided to Mr. Brown which failed to meet the applicable standard of care.

Additionally, the medical negligence of one or more healthcare providers as set forth herein that

resulted in the injury to Mr. Brown under the circumstances then and there existing may be

established by application of the doctrine of *res ipsa loquitur*.

15.     As a result of the negligence and breaches of the standards of care by the Keesler

Medical Center healthcare providers, Plaintiffs have sustained damages.

16.     At all material times, the agents, servants, employees, members, partners, and/or

representatives of Kessler Medical Center provided medical care and treatment to Mr. Brown in

the course and scope of their employment with Kessler Medical Center and/or the United States

of America, with the actual and/or apparent authority so to do. As such, in addition to being

liable and responsible in damages for their own acts of negligence or that of their employees, the

acts of the individual healthcare providers are imputed as a matter of law to Kessler Medical

Center and the United States of America, pursuant to principals of agency, master/servant

liability, employer/employee liability, respondeat superior, and other impositions of vicarious

liability, including the liability imposed upon joint venturers.

17.     On May 9, 2016, Matthew F. Barchie, M.D. was an employee of the United

States of America.

18.     On May 9, 2016, Matthew F. Barchie, M.D. provided medical care and treatment

to Charles Brown in the course and scope of his employment with and as an employee of the

United States of America.

19.     As an employee of the United States of America, Defendant United States of

America is answerable in damages to Plaintiffs for the injuries caused to Plaintiffs by the acts

and omissions of medical negligence attributable to Matthew F. Barchie, M.D., and/or other

employees and/or healthcare providers who provided negligent care and treatment to Mr. Brown

at Keesler Medical Center.

## E. CAUSES OF ACTION

### *Negligence*

20.    At all times relevant to this cause of action, the healthcare providers at Keesler

Medical Center ("Keesler"), including Matthew Barchie, M.D., owed Plaintiffs the duty to

exercise that degree of skill, care, competence, and prudence normally exercised by minimally-

competent radiologist and/or healthcare providers under like or similar circumstances. The

Keesler healthcare providers, including Dr. Barchie, failed to exercise that requisite degree of

skill, care, competence, and prudence required under the circumstances, breached such duty

owed to Plaintiffs, and were negligent. As a result of the negligence of the Keesler healthcare

providers, including Dr. Barchie, Plaintiffs sustained damages as set forth herein.

21.    At all times, the Keesler healthcare providers owed to Plaintiffs the duty to use

reasonable care in their provision of care and treatment to Mr. Brown. At all times, the Keesler

healthcare providers owed to Mr. Brown:

a.    a duty to undertake and perform prompt and correct medical interventions;

b.    a duty to properly and carefully perform any and all medical procedures

undertaken and ordered;

c.    a duty to provide properly trained and qualified physicians and/or healthcare

providers to render care and treatment to Mr. Brown;

d.      a duty to have available all necessary and suitable medical supplies and

equipment for anticipated and foreseeable procedures and medical needs;

e.      a duty to prevent harm to Mr. Brown by properly performing medical procedures;

f.      a duty to refrain from piercing his diaphragm and pericardium under the

circumstances then and there existing;

g.       a duty to properly transfer to a facility equipped to properly treat Mr. Brown,

and/or;

h.      other such duties and obligations to be shown at trial of this matter.

The Keesler healthcare providers, including Matthew Barchie, M.D., failed to use reasonable

care and breached the applicable standard of care owed to Plaintiffs by failing to fulfill the

above and aforementioned duties of care. Such breaches and failures were negligent.

22.      The negligent conduct of the Keesler healthcare providers in failing to adhere to

the minimum standards of care as set out above is the direct and proximate cause of the injuries

to Mr. Brown and the Plaintiffs' damages.

23.      At all times mentioned herein, Dr. Barchie, and all other attendant medical staff

were acting for and on behalf of Keesler, and Dr. Barchie and  and all other attendant medical

staff were acting in the course and scope of their employment with Keesler, and their negligent

acts and/or omissions are imputed to Keesler.

### Doctrine of Res Ipsa Loquitur

24.      The medical negligence of one or more the Keesler healthcare providers herein

that resulted in the injuries and damages sustained by Plaintiffs under the circumstances then

and there existing may be established by application of the doctrine of res ipsa loquitur.

### *Breach of Contract*

25.     At the time that Mr. Brown sought, and the Keesler healthcare providers agreed to provide, medical care and treatment for Mr. Brown, an agreement was formed whereby Mr. Brown and Keesler entered into a contractual relationship. By entering into this contractual relationship, Keesler became imposed with a contractual duty to provide reasonable medical care and treatment to Mr. Brown.

26.     By and through the acts and omissions of negligence as set forth herein, the Keesler healthcare providers breached and tortiously breached such contract.

27.     As a result of the breach of contract, Plaintiffs suffered injury and harm, and Plaintiffs suffered damages as set forth herein.

### *Vicarious Liability*

28.     At all relevant times, Keesler's employees, agents, servants, partners, members, and/or representatives were acting within the course and scope of their employment and/or agency with Keesler.  The acts, omissions, misfeasance, malfeasance, nonfeasance, and/or negligence of such employees, agents, and/or representatives are attributable to Keesler through vicarious liability and/or *respondeat superior.*

### F. DAMAGES

29.     As a result of the Keesler healthcare providers' failure to properly treat and manage the care of Mr. Brown, and as a result of the negligence and breaches of standards of care and breach of contract, Mr. Brown sustained severe and permanent damage to his diaphragm, respiratory system, heart, and circulatory system. As a result of the healthcare providers' negligence, Mr. Brown experienced intense and severe physical pain and suffering,

mental aguish and emotional distress. He required hospitalization and medical treatment and incurred necessary and reasonable medical expenses that would not have been incurred had the healthcare providers not breached the applicable standard of care in providing care and treatment to Mr. Brown.

30.    As a result of the Keesler healthcare providers' failure to properly treat and manage the care of Mr. Brown, and as a result of the negligence and breaches of standards of care and breach of contract and resulting permanent damage, Mr. Brown will require future medical treatment and monitoring, and incur substantial future medical expenses associated with the medical treatment and monitoring of his associated health conditions.

31.    As a result of the failure to properly treat and manage the care of Mr. Brown, and as a result of the negligence and breaches of standards of care and breach of contract, Mr. Brown has lost wages and wage earning capacity, and the ability to work and earn wages.

32.    Mr. Brown's wife, Plaintiff Trudy Brown, has suffered and will suffer in the future mental and emotional distress, loss of society and companionship, and loss of consortium.

## G.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs hereby demand judgment against the Defendant United States of America in an amount in compensatory damages for all damages set forth herein, including but not limited to physical pain and suffering, mental aguish and emotional distress, past and future medical expenses, past and future lost wages and wage earning capacity, loss of society and companionship, and loss of consortium, in addition to pre- and post-judgment interest on all such amounts, costs of this action, attorney fees, and for any other damages and/or relief appropriate under the law.  For purposes of the Federal Tort Claims

Act, specifically as required to be specified by Form 95, Plaintiffs seek a total amount of

$35,000,000 in compensatory damages.

This the _11th_ day of July 2017.

CHARLES BROWN AND TRUDY BROWN,
PLAINTIFFS

By:_____

One of their Attorneys

Bobby L. Dallas, Esq., MSB No. 5778
Michael T. Jaques, Esq., MSB No. 8708
SESSUMS DALLAS, PLLC
240 Trace Colony Park Drive, Ste. 100
Ridgeland, Mississippi 39157
Telephone: 601.933.2040
Facsimile: 601.933.2050
e-mail: bdallas@sessumsdallas.com
       mjaques@sessumsdallas.com